575 S.E.2d 119

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Donna R. MANLEY, Defendant Below, Appellant.**

**No. 30408.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 4, 2002.

Decided Nov. 1, 2002.

Graydon C. Oten, Jr., Esq., Fayetteville, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Dawn E. Warfield, Esq., Deputy Attorney General, Charleston, for Appellee.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Fayette County entered on April 25, 2001. Pursuant to that order, the appellant and defendant below, Donna Manley, was sentenced to a total of six-to-sixty years in the penitentiary after she pled guilty to six counts of forgery, six counts of uttering, one count of conspiracy to commit a felony, and one count of burglary.[1] In this appeal, the appellant

---

1. Specifically, the appellant was given consecutive sentences of one-to-ten years on six of the

contends her sentence is disproportionate given the nature of the crimes she committed and the sentences imposed upon her co-defendants.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order is affirmed.

## I.

## FACTS

On September 13, 2000, a Fayette County grand jury returned a 15–count indictment charging the appellant and an accomplice with one count of conspiracy to commit forgery, seven counts of forgery, and seven counts of uttering. On the same day, a second twenty-three-count indictment charged the appellant and her accomplice with one count of conspiracy to commit forgery and uttering, eleven counts of forgery, and eleven counts of uttering. All of these offenses allegedly occurred in March 2000, and involved eighteen checks totaling $524.92. Seven of the checks were allegedly written on the bank account of the appellant's ex-husband and the other eleven were written on accounts in the appellant's name.

A third indictment, also returned on September 13, 2000, charged the appellant along with three other accomplices with one count of conspiracy to commit forgery, four counts of forgery, and four counts of uttering. A fourth indictment charged the same persons including the appellant with two counts of burglary and one count of grand larceny. It was alleged that these offenses occurred in July 1999, and that the appellant and her accomplices burglarized the home of the appellant's cousin, stealing a Sony Playstation, games, video tapes, jewelry and clothing. They also forged and uttered four checks belonging to the appellant's cousin in the total amount of $170.00.

On October 27, 2000, the appellant entered into a plea agreement with the State whereby she agreed to plead guilty to five counts each of forgery and uttering under the first indictment; one count of conspiracy to commit forgery and one count each of forgery and uttering under the third indictment; and one count of burglary under the fourth indictment. In exchange for her plea, the State agreed to dismiss the remaining thirteen counts in those indictments and the second indictment in its entirety.[2] It was further agreed that the State would not take any action regarding any other forgery and uttering charges against the appellant occurring up to the time of the plea. The appellant agreed to testify during the prosecution of her co-defendants and the State agreed to remain silent at the appellant's sentencing except for recommending concurrent sentences for all forgery and uttering charges.

On February 27, 2001, the appellant appeared before the circuit court for sentencing. She requested probation, or alternatively, that she be given concurrent sentences on all charges. The appellant's request for probation was denied. By order entered on March 6, 2001, the circuit court sentenced the appellant to one-to-ten years in the penitentiary on each count of forgery and uttering, one-to-five years for conspiracy, and one-to-fifteen years for burglary. The court ordered that eight of the one-to-ten-year sentences for forgery and uttering be served consecutively. Essentially, the appellant was given an eight-to-eighty-year sentence.

On March 22, 2001, the appellant filed a motion for reduction of her sentence based on the same grounds asserted in this appeal. Following a hearing, the circuit court granted the appellant's motion in part, and reduced the appellant's consecutive sentences on the forgery and uttering charges to six, giving the appellant a six-to-sixty-year sentence in the final order entered on April 25, 2001. This appeal followed.

forgery and uttering counts, and concurrent sentences of one-to-ten years on the other six forgery and uttering counts; one-to-five years for conspiracy, and one-to-fifteen years for burglary.

2. The State also agreed to dismiss Magistrate Court Case No. 00–M–1947, involving charges of transferring and receiving stolen property for which the appellant was arrested on October 18, 2000.

## II.

## STANDARD OF REVIEW

As noted above, the appellant appeals a final order of the circuit court granting, in part, her motion to reduce her sentence pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure.[3] In Syllabus Point 1 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), this Court held that:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Basically, "[a] motion made under Rule 35 (1996) of the West Virginia Rules of Criminal Procedure is directed to the sound discretion of the circuit court and, generally, is not reviewable absent an abuse of discretion." *Id.,* 198 W.Va. at 301, 480 S.E.2d at 510.

## III.

## DISCUSSION

The only issue in this case is whether the appellant's sentence violates the proportionality principle set forth in Article III, Section 5 of the West Virginia Constitution. In Syllabus Point 8 of *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980), this Court observed that, "Article III, Section 5 of the West Virginia Constitution, which contains

the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'"

In this case, the appellant contends that her amended sentence violates the proportionality principle given the character, nature, and degree of the offenses she committed. Further, the appellant asserts that her sentence is disproportionate when compared to the sentences given to her co-defendants.[4] The appellant acknowledges that this Court has generally not applied the proportionality principle to sentences imposed under statutes with fixed maximum periods of incarceration, but she asserts that in this instance the proportionality principle is applicable.

This Court has in fact held that, "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syllabus Point 4, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981). This Court explained in *Wanstreet* that:

> "[T]he robbery by violence statute is one of the few criminal statutes in our jurisdiction that enables the court to set a determinate sentence without reference to any statutory maximum limit. With the exception of the life recidivist statute discussed in *State v. Vance*, [164 W.Va. 216, 262 S.E.2d 423 (1980) ], we do not believe that the disproportionality principle can have any signifi-

---

3.  Rule 35 of the West Virginia Rules of Criminal Procedure provides, in pertinent part:

> (b) *Reduction of Sentence.* A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revo-

cation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

4.  According to the parties, two of the appellant's co-defendants received probation while a third received five concurrent sentences resulting in one-to-fifteen years in the penitentiary. The fourth accomplice had not yet been apprehended when the appellant was sentenced.

cant application other than to this type of sentencing statute."

166 W.Va. at 531–32, 276·S.E.2d at 211, *quoting State v. Houston,* 166 W.Va. 202, 209, 273 S.E.2d 375, 379 (1980).

■ In this case, the circuit court sentenced the appellant for her convictions of forgery and uttering pursuant to W.Va.Code § 61–4–5 (1998).[5] The appellant's sentences for conspiracy to commit a felony and burglary were imposed in accordance with W.Va.Code § 61–10–31 (1971)[6] and W.Va.Code § 61–3–11 (1993),[7] respectively. All of these statutes contain fixed maximum periods of incarceration and the sentences imposed by the circuit court were within those parameters. Although the circuit court ordered the appellant to serve six of her sentences consecutively, that decision was within the court's discretion. W.Va.Code § 61–11–21 (1923).[8] *See also State v. Fortner,* 182 W.Va. 345, 364, 387 S.E.2d 812, 831 (1989). Accordingly, we find that the sentence imposed upon the appellant does not warrant application of constitutional proportionality standards.

■ We further note that historically, this Court has not interfered with sentences which have been imposed within legislatively prescribed limits as long as the trial judge has not considered any impermissible factors. In that regard, this Court has held that, "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982).

The record in this case shows that the circuit court did not rely upon any impermissible factors in rendering the appellant's sentence. To the contrary, the circuit court noted that the appellant was hopelessly addicted to drugs, had a reputation in her community as a thief and a liar, and had failed to take care of her children.[9] The court also noted that the appellant had been convicted of several minor offenses in three different counties and had failed to appear for arraignment in this case. Thus, we are unable to find that the circuit court abused its discretion in sentencing the appellant.[10]

5. W.Va.Code § 61–4–5 provides, in pertinent part:

> (a) If any person forge any writing, other than such as is mentioned in the first and third sections [§§ 61–4–1, 61–4–3] of this article, to the prejudice of another's right, or utter or attempt to employ as true such forged writing, knowing it to be forged, he shall be guilty of a felony and, upon conviction, shall be confined in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and be fined not exceeding five hundred dollars.

6. W.Va.Code § 61–10–31 provides, in pertinent part:

> Any person who violates the provisions of this section by conspiring to commit an offense against the State which is a felony, or by conspiring to defraud the State, the state or any county board of education, or any county or municipality of the State, shall be guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than one nor more than five years or by a fine of not more than ten thousand dollars, or, in the discretion of the court, by both such imprisonment and fine.

7. W.Va.Code § 61–3–11 provides, in pertinent part:

> (a) Burglary shall be a felony and any person convicted thereof shall be confined in the penitentiary not less than one nor more than fifteen years.

8. W.Va.Code § 61–11–21 states:

> When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed.

9. The appellant has two children living with relatives.

10. At this point, we wish to emphasize that this Court would not have necessarily given the appellant such a lengthy sentence. However, given the discretion afforded the circuit court with respect to sentencing, we must affirm its ruling today. Nonetheless, the appellant may seek a further reduction of her sentence by filing another motion with the circuit court in accordance with Rule 35 of the West Virginia Rules of Criminal Procedure. *See* note 3, *supra.*

## IV.

### CONCLUSION

For the reasons set forth above, the final order of the Circuit Court of Fayette County entered on April 25, 2001, is affirmed.

Affirmed.

Justice STARCHER concurs and reserves the right to file a concurring opinion.