# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**March 28, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 13-0608** (Kanawha County 12-F-600)

**Billy T.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Billy T., by counsel Herbert L. Hively, appeals the order of the Circuit Court of Kanawha County, entered May 2, 2013, denying his motion to reconsider the sentence imposed by the court on February 21, 2013.[1] Respondent State of West Virginia appears by counsel Christopher S. Dodrill.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner entered a plea of guilty by way of information on September 13, 2012, to two counts of sexual assault in the first degree and one count of sexual assault in the third degree based on incidents involving his daughters.[2] At the plea hearing, the State offered the following factual basis:

> The victim in Count 1 . . . who is now over the age of—well, she is now 18, this count stems from an incident which occurred when she was 11 and in the sixth grade. [Petitioner] was taking [her] to school. He stopped somewhere in Blue Creek, West Virginia, in Kanawha County, where he inserted his penis into her vagina. He stopped the assault when she screamed, but told her she was weak because she couldn't handle it.

---

[1]Because of the sensitive nature of the facts alleged in this case, we use the initials of the affected parties. *See State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990) ("Consistent with our practice in cases involving sensitive matters, we use the victim's initials. Since, in this case, the victim . . . [is] related to the appellant, we have referred to the appellant by his last name initial." (citations omitted)).

[2]Petitioner later moved, *pro se*, to withdraw this plea, but then withdrew that motion.

1

After that assault is Count 2, and that is against [another daughter], who is now nine years old. Within the last year, [petitioner] inserted his penis inside of her, but not all the way because it hurts her. The child says he puts the end in, but not the rest of it. That occurred in their home in Kanawha County.

Count 3, the victim is [a third daughter], who is now age 16. This count stems from when [the victim] was 13 years old. [Petitioner] penetrated her vagina with his penis at their home in Kanawha County.

Pursuant to petitioner's plea agreement, the State recommended that the sentences for each count run concurrently. At a later hearing, the State represented that had the case proceeded pursuant to an indictment, the indictment likely would have included forty to sixty counts.[3]

The circuit court conducted a sentencing hearing on February 21, 2013. At that hearing, the court granted petitioner's request for a psychological evaluation and instructed petitioner's counsel to file an appropriate motion upon receipt of the results of the evaluation. The court entered its sentencing order on February 21, 2013, confirming the sentence of 25 to 100 years of incarceration on each Counts 1 and 2, and one to five years of incarceration on Count 3, with the sentences to run consecutively. Upon receipt of the psychological report, which petitioner's counsel stated at the hearing "wasn't a good report," petitioner appeared before the court on his motion to reconsider the sentence.[4] The circuit court denied that motion by order entered May 2, 2013. This appeal followed.

"'In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.' Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996)."

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 4, State v. Manley, 212 W.Va. 509, 575 S.E.2d 119 (2002).

Petitioner has not asserted that the circuit court made unsupported factual determinations or that the sentence is based on some impermissible factor. Rather, petitioner argues that his sentence violates the proportionality principle in the West Virginia Constitution. In *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983), this Court recognized two tests to determine if a sentence violates the proportionality principle set forth in Article III, Section 5 of the West

---

[3]The criminal investigation report and the presentence investigation report confirm that the victims described years of ongoing sexual abuse.

[4]We note that the report of the psychological examination was not included in the appendix record on appeal.

2

Virginia Constitution. The first is whether the sentence shocks the conscience, and if not, then the Court should proceed to the second test found in *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981), which considers the nature of the offense, the legislative purpose behind the punishment, and a comparison with other offenses within the same jurisdiction. This Court has noted that "'[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence.' Syllabus point 4, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981)." Syl Pt. 3, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009).

Petitioner states that his sentence violates these standards, because he did not use a weapon in the commission of his crimes, had no prior felony record, was young—forty years of age—when he committed the crimes, and because his crimes were not directed to the general public but were "situational and perpetrated on family members." Indeed, petitioner's crimes were inflicted on family members: young, vulnerable children who were as young as nine years old when one of the few people they should have been able to trust completely subjected them to unspeakable harm. To paraphrase a prior conclusion of this Court, "Without hesitation, this Court concludes that the act of using [one's own] child to gratify one's perverse sexual appetite 'shocks the conscience.' Therefore, we conclude that the trial court's sentence for such a crime does not shock the conscience." *State v. Goff*, 203 W.Va. 516, 523-24, 509 S.E.2d 557, 564-65 (1998).

Proceeding to the second leg of our analysis, we are required to consider the nature of the offense, the legislative purpose behind the punishment, and a comparison with punishments outside of our jurisdiction as well as a comparison of punishments for offenses within. Petitioner concedes that his crimes were "heinous" and we are therefore disposed of the first consideration. As to the second, petitioner acknowledges that the legislature has deemed sexual assault and abuse as crimes against the person, and asks only that we consider the mitigating factors of his acting without a weapon and having accepted responsibility.[5] We are not persuaded that these factors affect the legislative purpose behind West Virginia Code § 61-8B-3(c): to bring about the imprisonment of an offender in a state correctional facility for not less than twenty-five nor more than one hundred years.[6] Finally, we agree with the State that petitioner has not shown that the penalties for similar crimes in other states, or the penalties for other crimes in our own State, are inherently disproportionate to petitioner's sentence.

In consideration of all of the above, we find no error in the circuit court's decision to deny reconsideration of petitioner's sentence.

For the foregoing reasons, we affirm.

---

[5]We do not readily agree that petitioner accepted responsibility for the harm that he inflicted on his victims, inasmuch as the presentence investigation report reflects that he was uncooperative and manipulative after the entry of his plea.

[6]Petitioner does not address his sentence of one to five years of incarceration for sexual abuse in this portion of his argument.

3

Affirmed.

**ISSUED:** March 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II