# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 13-1003** (Cabell County 11-F-32 & 11-F-313)

**Rajion Alterek Mayo, Defendant Below,
Petitioner**

**FILED**

November 24, 2014

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Pro se petitioner Rajion Alterek Mayo appeals the Circuit Court of Cabell County's September 5, 2013, order denying his amended motion for reduction of sentence made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The State, by counsel Laura Young, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his original motion for reduction of sentence, in failing to properly notify him of that denial, and in failing to consider his amended motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 7, 2011, petitioner pled guilty to first degree robbery and second degree murder. The circuit court then sentenced him to a term of incarceration of twenty years for first degree robbery and a term of incarceration of thirty years for second degree murder, said sentences to run consecutively, by order entered on December 15, 2011. On January 26, 2012, petitioner filed a pro se motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. That motion was denied by order entered on June 4, 2013. According to petitioner, he did not receive a copy of this order, as the same was erroneously sent to Western Regional Jail. Petitioner was incarcerated at Mount Olive Correctional Complex on that date. On July 26, 2013, petitioner filed an amended motion for reduction of sentence and also a motion for appointment of counsel. The circuit court thereafter denied that motion by order entered on September 5, 2013. It is from the order denying the amended motion that petitioner appeals.

In regard to motions made pursuant to Rule 35(b), we have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules

1

of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no abuse of discretion in the circuit court's denial of petitioner's amended motion. Further, the Court finds no merit in petitioner's arguments related to his initial motion and the subsequent mistake in the order being forwarded to Western Regional Jail, especially in light of the circuit court's review of his amended petition on the merits. While petitioner argues that the circuit court erred in denying his amended motion as untimely and failing to consider the merits thereof, it is clear that the circuit court rendered findings of fact upon petitioner's amended motion.

The order on appeal, while noting that the amended motion was untimely, went on to address the merits of petitioner's motion by finding that "no circumstances have changed since the [petitioner's] sentencing in this matter." Petitioner argues that his circumstances have changed, as evidenced by his various education and positive achievements while incarcerated, and that the circuit court's finding in this regard is erroneous. The Court disagrees. While it is commendable that petitioner has sought continued education and other rehabilitative efforts while incarcerated, the record does not show that the circuit court abused its discretion in denying petitioner's amended motion.

We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504(1982)." *State v. Slater*, 222 W.Va. 499, 507, 665 S.E.2d 674, 682 (2008). As noted above, petitioner was sentenced to a determinate term of thirty years of incarceration for his conviction of second degree murder. Pursuant to West Virginia Code § 61-2-3, a person convicted of second degree murder shall be imprisoned for a term "not less than ten nor more than forty years." Petitioner's sentence for second degree murder does not exceed the statutory maximum and is, therefore, not reviewable on appeal.

As to his sentence for first degree robbery, the Court has previously stated that

[t]he robbery by violence statute is one of the few criminal statutes in our jurisdiction that enables the court to set a determinate sentence without reference to any statutory maximum limit. With the exception of the life recidivist statute discussed in *State v. Vance*, [164 W.Va. 216, 262 S.E.2d 423 (1980)], we do not believe that the disproportionality principle can have any significant application other than to this type of sentencing statute.

*State v. Manley*, 212 W.Va. 509, 512-13, 575 S.E.2d 119, 122-23 (2002) (quoting *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 531-32, 276 S.E.2d 205, 211 (1981)). Further, in *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980), this Court recognized that Article III, Section 5 of the

West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment to the United States Constitution, expressly requires that penalties be proportionate to the character and degree of the offense. In discussing constitutionally impermissible sentences, we have stated that

> [p]unishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983). The Court has recognized that there are two tests to determine whether a sentence is so disproportionate that it violates our constitutional provision. We have stated that

> [t]he first is a subjective test and asks whether the sentence for a particular crime shocks the conscience of the Court and society. If the sentence is so offensive that it cannot pass this test, then inquiry need proceed no further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge should be resolved by more objective factors which include the consideration of the nature of the offense, the defendant's past criminal history, and his proclivity to engage in violent acts.

*State v. Ross*, 184 W.Va. 579, 581-82, 402 S.E.2d 248, 250-51 (1990) (citing *State v. Martin*, 177 W.Va. 758, 356 S.E.2d 629 (1987); *State v. Glover*, 177 W.Va. 650, 355 S.E.2d 631 (1987); *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984)).

*Ross* concerned a constitutional challenge to a sentence for aggravated robbery, now first degree robbery. In discussing that crime, the Court noted that

> [a]ggravated robbery in West Virginia has been recognized as a crime that involves a high potentiality for violence and injury to the victim involved. The fact that lengthy sentences have been imposed for the crime has not, standing alone, in the past served as a circumstance which shocks the conscience of the Court or society. *See, e.g.*, *State v. Martin*, supra. And in the present case, where violence was used and a potentially deadly weapon was involved, this Court's conscience is not shocked by the length of the defendant's sentence.

*Id.* at 582, 402 S.E.2d at 251. As in *Ross*, the Court here finds that petitioner's sentence does not shock the conscience, especially in light of the fact that petitioner threatened violence in the crime's commission. According to petitioner, he approached his victims in a public park and "pulled a weapon on the guy" before taking his money and fleeing the scene. While petitioner noted that the weapon was not an actual firearm but instead an air gun, he did state that it had the

appearance of a working firearm. Based upon these factors, the Court finds that petitioner's sentence does not shock the conscience.

Further, the Court finds that, based upon the nature of the offense committed, as well as petitioner's previous behavior, the first degree robbery sentence imposed upon him by the circuit court does not violate the proportionality principle contained in Article III, § 5 of the West Virginia Constitution. Petitioner was originally indicted on one count of felony murder in the commission of first degree robbery, one count of attempted first degree robbery, and one count of first degree robbery, all stemming from separate and distinct events. Moreover, petitioner pled guilty to second degree murder after one robbery victim died from a gunshot sustained during the commission of that crime. As such, it is clear that petitioner's twenty year sentence for first degree robbery is proportionate, and we decline to find error in the circuit court's denial of petitioner's amended motion for reduction of sentence.

Further, in light of the fact that the circuit court made a ruling on the merits of petitioner's amended motion, the Court declines to address petitioner's assignments of error regarding the circuit court's denial of his original motion and the mistake in forwarding the order denying that motion to petitioner while incarcerated because these claims are moot. We have previously held that "'[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State v. Merritt*, 221 W.Va. 141, 650 S.E.2d 240 (2007).

For the foregoing reasons, the circuit court's September 5, 2013, order denying petitioner's amended motion is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4