# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-0225** (Kanawha County 06-F-354)

**Ronald Hambleton, Defendant Below,
Petitioner**

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ronald Hambleton, by counsel Herbert L. Hively, appeals the Circuit Court of Kanawha County's November 14, 2013, order denying his amended motion for reduction of sentence made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court abused its discretion in denying his original motion for reduction of sentence, in failing to recognize his efforts with regard to his rehabilitation, and imposing the original sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 29, 2006, petitioner, then a juvenile, pled guilty to second-degree murder and first-degree robbery as an adult in exchange for the recommendation of a forty-year determinate sentence. These charges stemmed from an incident in which petitioner and two co-conspirators robbed and shot a man who died during the crimes' commission. The circuit court then sentenced petitioner to a term of incarceration of forty years, by order entered on January 30, 2007. Petitioner was to serve his sentence at the Salem Industrial Home for Youth and to be re-evaluated following his eighteenth birthday. In February of 2009, petitioner filed a motion to be resentenced as a youthful offender. On February 18, 2009, petitioner was brought before the circuit court pursuant to West Virginia Code § 49-5-16(b) which requires that a child convicted under the adult jurisdiction may be transferred from a secure juvenile facility to a penitentiary after attaining the age of eighteen. The circuit court reviewed his sentence and reimposed the original sentence in an order dated February 19, 2009. In May 2009, petitioner filed a motion to reconsider his sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. On January 18, 2012, the circuit court entered an order directing that petitioner be transferred into the custody of the Department of Corrections on his twenty-first birthday in accordance with the previous sentence order. In September 2013, petitioner filed a motion to receive a ruling on his previous Rule 35(b) motion. After hearing arguments of counsel, testimony, and reviewing the

1

petitioner's psychological evaluation the circuit court found that the sentence was proper, in an order dated November 14, 2013.

In regard to motions made pursuant to Rule 35(b), we have previously held that

"[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We find no abuse of discretion in the circuit court's denial of petitioner's motion. While petitioner argues that the circuit court erred in denying his motion and failing to consider his efforts with regard to rehabilitation, it is clear that the circuit court's conclusion is based on sound reasoning, practical considerations of the crime, notions of consistency and fairness, and justice for the victim.

Petitioner argues that failing to properly recognize his rehabilitation efforts and reimposing the original sentence was an abuse of discretion on the part of the circuit court. The Court disagrees. The order on appeal, while noting that the circuit court was impressed with petitioner's progress and educational accomplishments, reimposed the original sentence. Petitioner does not contest any of the factual findings of the circuit court, but simply concludes that denying the motion to reconsider and reimposing the original sentence was improper. The sentence imposed by the circuit court does not exceed the statutory limits and petitioner presents no evidence suggesting the circuit court considered any impermissible factors. While it is commendable that petitioner has sought continued education and other rehabilitative efforts while incarcerated, the record does not show that the circuit court abused its discretion in denying petitioner's motion. Factual conclusions and findings made by the circuit court are given great deference. *See, e.g., State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504. Given the facts of the case, the severity of the crime, petitioner's plea, and petitioner's upcoming parole date, we find that the circuit court did not abuse its discretion in reconsidering the sentence and imposing the original sentence.

Further, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504(1982)." *State v. Slater*, 222 W.Va. 499, 507, 665 S.E.2d 674, 682 (2008). As noted above, petitioner was sentenced to a determinate term of forty years of incarceration for his conviction of second degree murder. Pursuant to West Virginia Code § 61-2-3, a person convicted of second-degree murder shall be imprisoned for a term "not less than ten nor more than forty years." Petitioner's sentence for second-degree murder does not exceed the statutory maximum and is, therefore, not reviewable on appeal.

As to his sentence for first degree robbery, the Court has previously stated that

[t]he robbery by violence statute is one of the few criminal statutes in our jurisdiction that enables the court to set a determinate sentence without reference to any statutory maximum limit. With the exception of the life recidivist statute discussed in *State v. Vance*, [164 W.Va. 216, 262 S.E.2d 423 (1980)], we do not believe that the disproportionality principle can have any significant application other than to this type of sentencing statute.

*State v. Manley*, 212 W.Va. 509, 512-13, 575 S.E.2d 119, 122-23 (2002) (quoting *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 531-32, 276 S.E.2d 205, 211 (1981)). There are two tests to determine whether a sentence is so disproportionate that it violates our constitutional provision. We have stated that

[t]he first is a subjective test and asks whether the sentence for a particular crime shocks the conscience of the Court and society. If the sentence is so offensive that it cannot pass this test, then inquiry need proceed no further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge should be resolved by more objective factors which include the consideration of the nature of the offense, the defendant's past criminal history, and his proclivity to engage in violent acts.

*State v. Ross*, 184 W.Va. 579, 581-82, 402 S.E.2d 248, 250-51 (1990) (citing *State v. Martin*, 177 W.Va. 758, 356 S.E.2d 629 (1987); *State v. Glover*, 177 W.Va. 650, 355 S.E.2d 631 (1987); *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984)).

*Ross* concerned a constitutional challenge to a sentence for aggravated robbery, not first degree robbery. In discussing that crime, the Court noted that

[a]ggravated robbery in West Virginia has been recognized as a crime that involves a high potentiality for violence and injury to the victim involved. The fact that lengthy sentences have been imposed for the crime has not, standing alone, in the past served as a circumstance which shocks the conscience of the Court or society. *See, e.g.*, *State v. Martin*, *supra*. And in the present case, where violence was used and a potentially deadly weapon was involved, this Court's conscience is not shocked by the length of the defendant's sentence.

*Id.* at 582, 402 S.E.2d at 251. As in *Ross*, the Court finds that petitioner's sentence does not shock the conscience, especially in light of the fact that the victim was shot and killed during the crime's commission. According to the record, petitioner and two co-conspirators approached the victim with the intent to rob him. The victim refused to cooperate and a struggle ensued. Petitioner punched the victim and a co-conspirator shot the victim. After the shooting, petitioner and his co-conspirators fled, leaving the victim who died at the scene. Based upon these factors, the Court finds that petitioner's sentence does not shock the conscience.

Further, the Court finds that, based upon the nature of the offense committed, as well as petitioner's previous behavior, the first-degree robbery sentence imposed upon him by the circuit court does not violate the proportionality principle contained in Article III, § 5 of the West

Virginia Constitution. Petitioner was arrested for the crime and originally indicted on one count of first-degree murder. Moreover, petitioner pled guilty to second-degree murder and first degree robbery as an adult in exchange for a recommendation of a single forty-year determinate sentence. As such, it is clear that petitioner's forty year sentence for second degree murder and first degree robbery is proportionate, and we decline to find error in the circuit court's denial of petitioner's motion for reduction of sentence.

For the foregoing reasons, the circuit court's November 14, 2013, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: March 16, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4