# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 14-0726** (Putnam County 13-F-145)

**Jason D. Fields, Defendant Below,**
**Petitioner**

**FILED**

October 20, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Jason D. Fields, by counsel Timothy J. LaFon, appeals the Circuit Court of Putnam County's June 27, 2014, order sentencing him to thirty-years of incarceration following his guilty plea to first-degree robbery without the use of a firearm. The State, by counsel Kristine D. Raynes, filed a response. On appeal, petitioner alleges that the circuit court abused its discretion by imposing a thirty-year sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2013, petitioner and a co-defendant allegedly robbed a gas station at gun point. Petitioner was arrested and indicted in November 2013 for the felony offense of first-degree robbery in violation of West Virginia Code § 61-2-12. In February of 2014, petitioner and the State entered into a plea agreement whereby petitioner would plead guilty to a lesser included charge of the felony offense of first-degree robbery without the use of a firearm. The circuit court accepted petitioner's guilty plea.

The circuit court held a sentencing hearing in June of 2014. At the hearing, petitioner requested the minimum sentence of ten years imprisonment and further requested that he be placed in an in-patient drug addiction treatment facility. After petitioner's allocution, the State recommended the minimum sentence of ten years imprisonment. The circuit court reviewed petitioner's pre-sentence investigation report and the victim's impact statement. The circuit court imposed the following sentence: thirty-years of incarceration for the felony offense of first-degree robbery without the use of a firearm. Thereafter, by order entered in June of 2014, the circuit court sentenced petitioner to the same terms for purposes of appeal, and it is from that order that petitioner appeals.

Petitioner's sole argument on appeal is that the record does not support the circuit court's imposition of such a long term of incarceration. Upon our review, we find no error in the circuit court's sentencing order. "The Supreme Court of Appeals reviews sentencing orders ... under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." See *State v. Head*, 198 W.Va. 298, 301, 480 S.E.2d 507, 510 (1996). We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

As to petitioner's sentence for first-degree robbery, the Court has previously stated that

[t]he robbery by violence statute is one of the few criminal statutes in our jurisdiction that enables the court to set a determinate sentence without reference to any statutory maximum limit. With the exception of the life recidivist statute discussed in *State v.* Vance, 164 W.Va. 216, 262 S.E.2d 423 (1980), we do not believe that the disproportionality principle can have any significant application other than to this type of sentencing statute.

*State v. Manley,* 212 W.Va. 509, 512–13, 575 S.E.2d 119, 122–23 (2002) (quoting *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 531–32, 276 S.E.2d 205, 211 (1981)).

There are two tests to determine whether a sentence is so disproportionate that it violates constitutional provisions. We have stated that

[t]he first is a subjective test and asks whether the sentence for a particular crime shocks the conscience of the Court and society. If the sentence is so offensive that it cannot pass this test, then inquiry need proceed no further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge should be resolved by more objective factors which include the consideration of the nature of the offense, the defendant's past criminal history, and his proclivity to engage in violent acts.

*State v. Ross*, 184 W.Va. 579, 581–82, 402 S.E.2d 248, 250–51 (1990) (citing *State v. Martin*, 177 W.Va. 758, 356 S.E.2d 629 (1987); *State v. Glover*, 177 W.Va. 650, 355 S.E.2d 631 (1987); *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984)).

First, the thirty-year sentence imposed on petitioner does not shock the conscience of this Court or society. While petitioner argues that there is no support in the record for his sentence, the record on appeal shows that petitioner and his co-defendant put on masks, entered a gas station, and robbed the cashier at gun point. The purpose of the robbery was to advance yet another illegal act: the purchase and consumption of illegal drugs. Petitioner and his co-defendant disposed of the gun, masks, and other items of clothing that they were wearing on the day of the robbery, and they attempted to elude the police. Based on these facts, we find that a thirty-year term of incarceration is not offensive. Thus, we find no error in petitioner's sentence.

Second, the thirty-year sentence is not disproportionate given the nature of the offense, petitioner's criminal history and risk of recidivism, as well as the impact statement of the victim. The penalty for first-degree robbery pursuant to West Virginia Code § 61–2–12(a)(1) is a term of incarceration of "not less than ten years." Moreover, we find the sentence imposed to be in line with other sentences upheld by this Court.[1] As such, we find no error in petitioner's sentence.

For the foregoing reasons, the circuit court's June 27, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[1]*See State v. Tyler*, 211 W.Va. 246, 565 S.E.2d 368 (2002) (upholding thirty-year sentence for first degree robbery involving use of firearm); *State v. King*, 205 W.Va. 422, 518 S.E.2d 663 (1999) (approving defendant's eighty-four year sentence after breaking into elderly woman's home, threatening her with weapon, with previous criminal history); *State v. Mann*, 205 W.Va. 303, 518 S.E.2d 60 (1999) (per curiam) (affirming thirty-year sentence for robbing store clerk at gun point).