650 S.E.2d 240

**STATE of West Virginia, Appellee**

v.

**Bryan Anthony MERRITT, Appellant.**

No. 33105.

Supreme Court of Appeals of
West Virginia.

Submitted March 14, 2007.

Decided April 19, 2007.

J.C. Powell, James M. Powell, Powell Law Offices, Parkersburg, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Robert D. Goldberg, Assistant Attorney General, Charleston, for Appellee.

PER CURIAM:

This case is before the Court on appeal from an October 20, 2005, Order of the Circuit Court of Wood County, which denied Appellant's petition for modification of his sentence. This Court has before it the petition for appeal, the briefs of the parties, and all matters of record. Following the arguments of the parties and a review of the record herein, this Court finds that the matter is moot. Accordingly, the matter is dismissed from the Court's docket.

## I.

## FACTS

On January 1, 2005, Appellant Bryan Anthony Merritt was arrested and charged with driving under the influence of a controlled substance, obstructing an officer, possession of marijuana, and carrying a concealed deadly weapon (a knife). At the time of his arrest, Merritt was on unsupervised probation for battery. Merritt and the State negotiated a plea agreement by which Merritt plead guilty on May 19, 2005, to the misdemeanor count of obstructing an officer. The remaining charges were dropped by the State. According to the terms of the plea agreement, Merritt was sentenced to 45 days in jail, which sentence was suspended in lieu of completion of six months through the Day Reporting Center (the "DRC"), 40 community service hours, a substance abuse assessment, and payment of all costs of the program.

On July 12, 2005, Merritt tested positive for Xanax. On July 26, 2005, the State filed a Motion for Revocation before the magistrate alleging that Merritt had failed to perform community service and had failed to verify that he had attended mandated NA/AA meetings. In August of 2005, Merritt completed a ten-day inpatient treatment program at the John D. Good Recovery Center in Preston County, West Virginia. The

State then dismissed its Motion for Revocation.

But on September 8, 2005, the State filed another Motion for Revocation asserting that Merritt had failed to participate in the required follow-up sessions with Westbrook, had failed to sign-in at the DRC for two weeks, had not provided proof of attendance of weekly NA/AA meetings, and had failed to set up community service hours. A hearing was held on September 28, 2005, following which Merritt's probation was revoked. However, the magistrate stayed execution of the sentence for 20 days—during which Merritt was released on bond subject to home confinement—to allow for an opportunity to appeal to the circuit court.

On October 5, 2005, the State filed a "Motion to Revoke Bond, Stay, and Day Report Center" based on a failed September 28, 2005, drug test (by urine sample), which the State asserts showed use of cocaine, cannabinoids, and opiates. Merritt, in turn, filed "Defendant's Motion to Strike State's Motion to Revoke Appeal Bond Based on Contaminated Evidence." A hearing was held on October 6, 2005, following which the magistrate revoked Merritt's bond and ruled that Merritt should be committed to the jail for 45 days.

Merritt filed an "Amended Defendant's Motion for Reconsideration of Denial of Appeal Bond" on October 7, 2005. On October 11, 2005, Merritt filed a Petition for Writ of Mandamus with the circuit court to compel the magistrate to stay the sentence while he appealed the imposition of sentence. On October 20, 2005, Merritt filed "Defendant's Motion for Appeal or in the Alternative a Petition for Modification of Sentence." That same day, the court entered its order denying Merritt's Petition for Modification of Sentence. Merritt is now before this Court on appeal of that decision.

## II.

### STANDARD OF REVIEW

 This Court long ago held that "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly*

*v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908). We do not now depart from that precedent.

## III.

### DISCUSSION

 The thrust of Merritt's argument is that he was wrongly denied a stay of his sentence when he sought to challenge the imposition of that same sentence. Merritt argues that, under Rule 21(b) of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia, he was entitled to a stay of his sentence while he appealed that sentence to the circuit court. He asserts that he was denied that stay, first by the magistrate and then by the circuit court, though he requested the stay before both courts.

Rule 21(b) states:

Upon request by the defendant, the execution of a criminal judgment shall be stayed to allow for the filing of a motion for a new trial or a petition for modification of sentence. Upon timely filing of such motion or petition, the execution of a criminal judgment shall be stayed until the same has been decided. In addition to granting the request of the defendant, the magistrate shall require the defendant to post or continue a sufficient bond to assure any required further appearance.

The pleading Merritt filed before the magistrate was an "Amended Defendant's Motion for Reconsideration of Denial of Appeal Bond" and not a motion for a new trial or a petition for modification of sentence. The pleading he initially filed before the circuit court was a petition for a writ of mandamus; again, neither a motion for a new trial nor a petition for modification of sentence. And when he finally did file a motion for a modification of sentence, that motion was decided the same day.

We need not decide whether Merritt was, in fact, entitled to and whether the court erred in not granting him a stay. The matter is moot. Merritt began serving his 45–day sentence on October 6, 2005. He has long since completed that sentence. Merritt argues that this Court should address the issues raised in his appeal because his situation could be repeated and, therefore, should not be summarily disposed of as moot.

This Court set forth a three-prong test to determine whether the Court should rule on the merits of technically moot issues in Syllabus Point 1 of *Israel by Israel v. West Virginia Secondary Schools Activities Commission*, 182 W.Va. 454, 388 S.E.2d 480 (1989):

> Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

In the case at bar, we can find no sufficient collateral consequences or great public interest which would justify relief. The issue here—whether the magistrate and circuit courts erred in not granting Merritt a stay—is of unique concern to Merritt. There are sufficient rules of procedure in place to guide courts in the assessment of future motions for stays. We need not expound upon or clarify those in this matter. And while this may not be the last time this Court is presented with an appeal in regard to the denial of a stay, the issue is not one which is fleeting or determinate in nature or which would evade scrutiny by the Court. Accordingly, we need not and will not exercise our discretion to decide the issue raised in this appeal.

## IV.

## CONCLUSION

Having established that the matter is moot, this appeal is dismissed from the docket of this Court.

Dismissed as moot.