# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 13-1074** (Harrison County 12-M-13)

**Jason Wayne Swiger,**
**Defendant Below, Petitioner**

**FILED**

June 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason Wayne Swiger, by counsel Jerry Blair, appeals the sentence imposed by the Circuit Court of Harrison County in an order entered on August 21, 2013. The State of West Virginia, by counsel Christopher S. Dodrill, responds in support of the order. The State also asserts that this appeal is moot.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the briefs and the record presented, the Court finds no prejudicial error and concludes that this appeal is moot. For the reasons set forth below, this appeal is dismissed as moot pursuant to Rule 27(b) of the Rules of Appellate Procedure.

With regard to the case *sub judice*, on June 22, 2012, petitioner was arrested in Harrison County for driving under the influence of alcohol ("DUI"). He acknowledged that he was DUI and that there were no errors in his stop or arrest. He was indicted for second offense DUI, a misdemeanor. Pursuant to a plea agreement, on June 10, 2013, petitioner pled guilty to the indictment and the State stood silent on sentencing.

Prior to the conduct that was the subject of the Harrison County case, on March 23, 2012, petitioner was arrested for DUI in Lewis County. On June 5, 2013, he pled guilty to third offense DUI in Lewis County. Sentencing was set for a later date.

The sentencing hearing in this Harrison County case was held on August 1, 2013. Petitioner asked the court to sentence him to home incarceration. However, because the criminal proceeding in Lewis County was still ongoing (petitioner had not yet been sentenced in Lewis County), the Circuit Court of Harrison County concluded that it had no discretion to award home incarceration for the Harrison County conviction. The court ruled that its sentencing discretion was constrained by the Home Incarceration Act, particularly West Virginia Code § 62-11B-6(b): "A circuit court or magistrate may not order home incarceration for an offender who is being held under a detainer, warrant or process issued by a court of another jurisdiction."

1

Accordingly, the Circuit Court of Harrison County sentenced petitioner to the statutory penalty of six months in jail in the instant case. Nonetheless, the court immediately stayed the jail sentence and granted petitioner post-conviction bond, with the condition of home incarceration, pending the outcome of a direct appeal. These orders are reflected in the written sentencing order entered on August 21, 2013.

In this, the direct appeal, petitioner asserts a single assignment of error: that the Circuit Court of Harrison County erred when it concluded that West Virginia Code § 61-11B-6(b) applied to preempt the court's sentencing discretion. Notably, petitioner challenges only the jail sentence that was imposed; he does not assert any error regarding the underlying conviction itself.

In their appellate briefs, both petitioner and the State report that petitioner's post-conviction bond in the Harrison County case was revoked on October 11, 2013, because he violated the terms of his bond. Petitioner was sent to jail to serve his six month sentence, with an effective sentencing date of July 31, 2013. The State reports that petitioner has now discharged the Harrison County sentence, although, at the time these briefs were filed, he remained incarcerated for the Lewis County conviction.

After considering the parties' arguments, we conclude that petitioner's appeal of this Harrison County sentence is moot and should be dismissed. He only challenges his sentence, and that sentence has now been served. This Court long ago held that "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908).

The dismissal of this case is consistent with our prior decisions. In *State v. Merritt*, 221 W.Va. 141, 143, 650 S.E.2d 240, 242 (2007), we held that an appeal of an order denying a stay of sentence was moot upon the completion of the sentence. In *Leeper-El v. Hoke*, 230 W.Va. 641, 643, 741 S.E.2d 866, 868 (2013), we concluded that a state habeas case was moot because the petitioner was released from state custody and had already obtained all of the relief he sought. Similarly, in *State ex rel McCabe v. Seifert*, 220 W.Va. 79, 80, 640 S.E.2d 142, 143 (2006), we ruled that a habeas appeal was moot when the petitioner had discharged his sentence, had dismissed a substantial portion of his appeal, and had raised no issues concerning his parole.[1]

We acknowledge that technically moot issues may sometimes be considered on appeal. *See*, Syl. Pt. 1, *Israel v. W.Va. Secondary Sch. Activities Comm'n*, 182 W.Va. 454, 388 S.E.2d 480 (1989). However, in light of the facts of this case and the limited nature of this appeal, we find no justification for making an exception to the mootness doctrine.

---

[1]Petitioner Swiger's case is distinguished from *State v. Mechling*, 219 W.Va. 366, 370 n.2, 633 S.E.2d 311, 315 n.2 (2006), where we stated that a criminal appeal was not moot even though the sentence had been discharged. Unlike the case *sub judice*, in *Mechling* the appellant was challenging his conviction, not just his sentence, and we recognized that there could be future consequences from that conviction.

2

Finally, we note that the circuit court found a way to give petitioner exactly what he wanted—home incarceration—when granting the post-conviction bond conditioned upon home incarceration. Had petitioner complied with the terms of his post-conviction bond, he most likely would have served his entire six month sentence on home incarceration while the appellate briefs were drafted and the appeal was considered. By violating the terms of his bond, petitioner has only himself to blame for being sent to jail to serve the remainder of his sentence.

For the foregoing reasons, we dismiss this appeal as moot.

Dismissed.

**ISSUED:** June 13, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II