# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**FILED**

October 20, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

**vs) No. 14-0807** (Marion County 14-F-36)

**Lewis Kelly Dailey, Defendant Below,
Petitioner**

## MEMORANDUM DECISION

Petitioner Lewis Kelly Dailey, by counsel Heidi M. Georgi Sturm, appeals the Circuit Court of Marion County's June 18, 2014, order sentencing him to three consecutive sentences of one to five years of incarceration following his guilty pleas to three counts of third-degree sexual assault. The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the plea agreement was unclear as to whether his individual sentences were to be served concurrently or consecutively; that he was not made aware that entering into a plea agreement would limit the issues he was able to appeal; that the circuit court erred in allowing him to be represented by two separate attorneys in two counties in two criminal matters; and that the circuit court should have imposed the sentences as set forth in the plea agreement.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, petitioner was arrested after having sexual intercourse with a fourteen-year-old girl. Thereafter, petitioner was indicted on one count of sex trafficking of a minor, three counts of third-degree sexual assault, and three counts of second-degree sexual assault.

In June of 2014, petitioner and the State reached a plea agreement whereby petitioner would plead guilty to three counts of third-degree sexual assault, resulting in a maximum sentence of not less than three nor more than fifteen years of incarceration. Further, the State agreed to dismiss several felony counts carrying the potential of between thirty-three to ninety years of incarceration. The State further recommended that any sentences imposed would run concurrent with a separate criminal sentence imposed in Harrison County, West Virginia. However, the written plea agreement specifically stated that, pursuant to Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure, the circuit court was not bound to accept the recommendation.

The circuit court then held a plea and sentencing hearing. During the hearing, the circuit court asked petitioner if anyone had guaranteed he would receive concurrent sentences, and petitioner replied in the negative. Ultimately, the circuit court imposed sentences that were to run consecutively to one another and consecutively to the separate Harrison County sentence. The circuit court made this decision based upon the specific facts of the case, including the fact that the child was missing for three days while petitioner and a co-defendant committed multiple sex acts with the victim and based upon victim impact statements. It is from the sentencing order that petitioner appeals.

We have previously held that "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Further, we have recognized that "[a] guilty plea based on competent advice of counsel represents a serious admission of factual guilt, and where an adequate record is made to show it was voluntarily and intelligently entered, it will not be set aside." Syl. Pt. 3, *State ex rel. Burton v. Whyte*, 163 W.Va. 276, 256 S .E.2d 424 (1979). In syllabus point three of *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), we outlined the procedures to be followed by trial courts for the purpose of insuring that guilty pleas are entered voluntarily and intelligently, as follows:

> When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

With these standards in mind, we turn to petitioner's assignments of error.

To begin, the Court declines to address petitioner's arguments that the circuit court erred in allowing him to be represented by two separate attorneys in separate criminal proceedings in two counties or that the circuit court erred in failing to accept the State's recommended sentence. First, petitioner clearly recognizes that the plea agreement that he accepted was non-binding on the circuit court, pursuant to Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure, and he plainly acknowledges that the circuit court had discretion in imposing his sentence below.

Further, petitioner's sentencing order in the separate criminal proceedings from Harrison County is not at issue in this appeal and, therefore, not addressed herein.[1]

Most importantly, however, in his brief on appeal, petitioner cites to no authority in support of either of these assignments of error and instead makes broad generalizations while arguing that policy considerations support his assertions. This is in direct contradiction to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that "[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . ." Moreover, that Rule requires that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Absent adequate support, this Court is free to disregard such errors. For these reasons, the Court finds petitioner is entitled to no relief in regard to these assignments of error.

As to petitioner's argument that the plea agreement did not clearly state whether the State would recommend that the sentences imposed in this case be served consecutively or concurrently, the Court finds no merit to this argument. Specifically, this argument is contrary to petitioner's own statement of the facts on appeal, wherein he clearly states that "[t]he terms of the plea agreement from the State included the sentences for the three [third-degree sexual assault charges] would run consecutively to one another." Simply put, petitioner cites to no evidence that the terms of the plea agreement were unclear or that the resulting confusion caused him to enter into the plea without knowledge or involuntarily. To the contrary, the record is replete with evidence that petitioner clearly understood the terms of the plea agreement, that he entered into it knowingly and voluntarily, and that the State's recommendations were not binding on the circuit court. Petitioner even admits in his brief on appeal that he "entered into this plea voluntarily, knowing that the [circuit court] would make the ultimate decision as to what the punishment . . . would be." As such, the Court finds no error in this regard.

Finally, in regard to petitioner's argument that the circuit court erred in limiting the issues he could raise on appeal, the Court again finds no merit to this argument. Specifically, petitioner acknowledges that by entering a guilty plea, he limited his grounds for appeal to the following three issues: whether the plea is voluntary; whether the sentence is correct; and whether jurisdiction is proper. Further, petitioner argues that he was provided with a copy of a "Notice of Post-Conviction Rights" and that it "implie[d he] is entitled to appeal on every ground available, even if not applicable because he entered a plea." However, it is unclear what issues, if any, petitioner has been barred from appealing, as he has not raised any specific issue that he should be entitled to appeal but is prevented from raising herein. In fact, it is unclear what, exactly, petitioner is alleging as an error in this regard. Petitioner argues that, often, a criminal defendant may move for reconsideration of his sentence outside the bounds of the agreed appealable issues, only to have the State use such action as a basis to revoke the plea agreement. However, no such

---

[1]Petitioner did appeal the sentencing order from the criminal charges in Harrison County in a separate appeal to this Court. However, the Court dismissed that appeal from the docket by order entered on August 31, 2015. As such, petitioner is precluded from raising issues related to the Harrison County prosecution in this appeal, which concerns only the Circuit Court of Marion County's sentencing order.

action has occurred here, nor is petitioner arguing that he should be entitled to appeal a specific issue. As such, we find this issue is not ripe for appeal, and note that "'[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State v. Merritt*, 221 W.Va. 141, 650 S.E.2d 240 (2007). Simply put, the circuit court was under no duty to inform petitioner that he could not appeal his conviction on issues that are inapplicable and had no bearing on his sentence, and petitioner has not alleged he has been harmed in any way in regard to this assignment of error.

For the foregoing reasons, the circuit court's June 18, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II