# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0663** (Kanawha County 10-F-974 & 10-M-260)

**S.S.,**
**Defendant Below, Petitioner**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner S.S., by counsel C. Joan Parker, appeals the Circuit Court of Kanawha County's August 10, 2016, order committing him to a five-year psychiatric commitment.[1] The State of West Virginia, by counsel Benjamin F. Yancy III, filed a response. On appeal, petitioner argues that the circuit court erred by failing to give him credit for time served while incarcerated prior to his commitment to a psychiatric facility.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2010, petitioner was arrested and incarcerated for attempted kidnapping, battery on a police officer, and obstructing an officer. By order entered on July 26, 2010, the circuit court granted petitioner's motion for a psychiatric evaluation to determine whether he was competent to stand trial. In September of 2010, the Kanawha County grand jury returned a three-count indictment against petitioner charging him with attempted kidnapping, battery on a police officer, and obstructing an officer.

In October of 2010, the circuit court held a hearing wherein it received the results of petitioner's competency psychiatric evaluation. According to the evaluation, petitioner was not

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

competent to stand trial. By order entered on November 3, 2010, the circuit court transferred petitioner from incarceration to William R. Sharpe Hospital ("Sharpe") for approximately three months to restore his competency. In March of 2011, the circuit court extended petitioner's commitment due to the treating physician's recommendation that petitioner needed more time to regain competency.

In May of 2011, petitioner was transferred from Sharpe back to incarceration. Later, the circuit court held another hearing during which evidence was presented that petitioner refused to take his psychiatric medications and that his mental condition was deteriorating. The circuit court, by order entered May 23, 2011, transferred petitioner to Mildred Mitchell Bateman Hospital ("Bateman") to ensure his continued treatment and monitoring.

In August of 2011, the circuit court held another hearing wherein it found that, due to an underlying mental illness, petitioner was not criminally responsible for the offenses for which he was indicted. By order entered on September 14, 2011, the circuit court found that, if convicted, petitioner would have received a fifteen year term for attempted kidnapping, a one-year term for battering on an officer, and a one-year term for obstructing an officer.[2] Hence, the circuit court committed petitioner to a psychiatric hospital for seventeen years to treat petitioner and protect the public.

In September of 2015, petitioner filed a motion with the circuit court to correct the original commitment order. In support of his motion, petitioner argued that the circuit court miscalculated the maximum sentence he could have received if convicted of the underlying offenses. Specifically, he argued that the maximum sentence for attempted kidnapping was three years, rather than fifteen years, as found by the circuit court in the original commitment order.

Under West Virginia Code § 61-2-14a, for the completed offense of kidnapping "the punishment shall be confinement by the Division of Corrections for a definite term of years not less than ten nor more than thirty." Further, West Virginia Code § 61-11-8(2) reads that

---

[2]According to West Virginia Code § 27-6A-3(h), when

> the defendant is found not competent to stand trial and is found not substantially likely to attain competency, and if the defendant has been indicted or charged with a misdemeanor or felony in which the misdemeanor or felony does involve an act of violence against a person, then the court shall determine on the record the offense or offenses of which the person otherwise would have been convicted, and the maximum sentence he or she could have received. A defendant shall remain under the court's jurisdiction until the expiration of the maximum sentence unless the defendant attains competency to stand trial and the criminal charges reach resolution or the court dismisses the indictment or charge. The court shall order the defendant be committed to a mental health facility designated by the department that is the least restrictive environment to manage the defendant and that will allow for the protection of the public.

[i]f the offense attempted be punishable by imprisonment in the penitentiary for a term less than life, such person shall be guilty of a felony and, upon conviction, shall, in the discretion of the court, either be imprisoned in the penitentiary for not less than one nor more than three years.

According to petitioner, the maximum punishment he could have received was a five-year term of incarceration: a three year term of incarceration for the attempted kidnapping, a one-year term of incarceration for the battery on a police officer, and a one-year term of incarceration for obstructing an officer.

In December of 2015, the circuit court held a hearing on petitioner's motion to correct the original commitment order. The circuit court and the State agreed that the original commitment order was incorrect and that petitioner should have been committed for a period of five years only. The circuit court then recommitted petitioner to a five-year psychiatric commitment, which began to run on the date that he was originally committed, August 10, 2011. Petitioner also requested that he be immediately discharged from his psychiatric commitment. In support of his request, petitioner argued that he should be credited with the time that he served while incarcerated before the beginning of his psychiatric commitment. Following the hearing, petitioner moved the circuit court for an urgent ruling on the matter.[3] The circuit court ultimately denied his request for credit for time served and, by amended order, entered on June 15, 2016, corrected its original erroneous commitment order. This appeal followed. Following this appeal, petitioner completed the period of his psychiatric commitment on August 10, 2016, and was discharged from the mental health facility.

The Court has previously established the following standard of review: "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Further,

[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n,* 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 2, *State v. Bruffey,* 207 W.Va. 267, 531 S.E.2d 332 (2000). Upon our review, the Court finds no error in the proceedings below.

To begin, we have held that "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State v. Merritt*, 221 W.Va. 141, 650 S.E.2d 240 (2007). Simply put, in the instant appeal, petitioner asks for credit for the time served while incarcerated before his

---

[3]According to petitioner's brief, he filed a petition for writ of mandamus with this Court on May 17, 2016, which was denied as moot, by order dated May 31, 2016.

psychiatric commitment. However, given that petitioner has completed his psychiatric commitment and was discharged from the mental health facility, he now enjoys freedom from such commitment. Therefore, we decline to address petitioner's appeal because it has been rendered moot.

Further, to the extent that petitioner argues that he is entitled to relief despite his release from his psychiatric commitment, we likewise find no error below. Petitioner argues that he is entitled to credit for time served for the time he was incarcerated before he was committed to a psychiatric facility. West Virginia Code § 61-11-24 provides, in part, that

> [w]henever any person is *convicted* of an offense in a court . . . and *sentenced to confinement in jail or the penitentiary* . . . such person may, in the discretion of the court . . . be given credit on *any sentence* imposed by such court . . . for the term of confinement spent in jail awaiting such trial and *conviction.*

(emphasis added). We have held that such credit is mandatory, holding that

> [t]he Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable. Syllabus Point 6, *State v. McClain,* 211 W.Va. 61, 561 S.E.2d 783 (2002).

Syl. Pt. 4, *State v. Eilola*, 226 W.Va. 698, 704 S.E.2d 698 (2010). Here, petitioner was never sentenced to a jail or penitentiary by the circuit court for committing the underlying offenses. Instead, he was found not guilty by reason of his mental illness and committed to a psychiatric facility to treat his mental illness and protect the public. We have held that "[t]he purpose of West Virginia Code § 27-6A-3 is not to punish someone suffering a mental illness; rather, it is to treat the illness and protect society. If someone is found not guilty by reason of mental illness, there is no conviction to warrant a punishment." Because petitioner was not convicted of any of the underlying crimes for which he was indicted, we find that the circuit court did not err in denying him credit for time served while incarcerated before he was committed to a psychiatric facility.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 10, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: October 23, 2017

4

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING**:
Justice Menis E. Ketchum