**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0519** (Kanawha County No. 19-F-608)

**Andrew Wayne Miller,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Andrew Wayne Miller appeals the amended sentencing order entered by the Circuit Court of Kanawha County on June 2, 2021, that corrected the credit granted to him for time served, revoked his post-conviction bond, and sentenced petitioner to a determinate term of three years. The State of West Virginia responds in support of circuit court's order.[1] The State also asserts that this appeal is moot. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. Proc. 21. This Court concludes that this appeal is dismissed as moot pursuant to Rule 27(b) of the Rules of Appellate Procedure.

On July 10, 2020, petitioner pled guilty to being a prohibited person in possession of a firearm. He was found guilty and granted post-conviction bond with a condition of home confinement until the sentencing hearing scheduled for September 9, 2020. On September 1, 2020, petitioner was arrested on alleged violations of the home confinement bond conditions. A notice of violation, with a notice of final hearing scheduled for September 9, 2020, was filed the following day listing violations related to a positive drug test and a failure to pay home confinement fees. On September 9, 2020, petitioner appeared, admitted the home confinement violations and waived proceeding with the hearing. He confirmed, and the circuit court found, that this was a knowing, free and voluntary waiver of hearing and admission of violations, made after consultation with counsel. Petitioner's bond was revoked and the circuit court proceeded immediately to the sentencing hearing.

Considering the home confinement violations, petitioner's history, underlying offense, that the underlying offense was committed while on parole, and that there was some involvement of narcotics, the circuit court sentenced petitioner to a determinate term of three years with credit for time served. After consideration of petitioner's Rule 35 motion for reconsideration seeking to

---

[1] Petitioner appears by Daniel L. Holstein; respondent appears by Patrick Morrisey and Katherine M. Smith.

reduce his sentence, to have his sentence run concurrently with any sentence related to parole violations, and that credit for time served be corrected, the circuit court entered an amended sentencing order on June 2, 2021, correcting petitioner's credit for time served but otherwise denying the motion. Petitioner appeals this order, seeking remand to grant a preliminary hearing on the bond revocation, a new final hearing on the post-conviction bond violations if necessary, and resentencing on the underlying violation. We take notice, based on respondent's supplemental appendix and representation, that petitioner discharged his sentence in this case on July 27, 2021.[2]

In this appeal petitioner challenges only the procedure leading to the revocation of his post-conviction bond and his sentence on the underlying offense, not the underlying conviction. Given that petitioner is not challenging his conviction and has discharged his sentence in this case, the appeal of the post-conviction bond revocation and sentence is moot. *See* Syl., *State v. J.C.*, 241 W. Va. 712, 828 S.E.2d 100 (2019) ("'[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. Pt. 1, *State ex el. Lilly v. Carter*, 63 W. Va. 684, 60 S.E. 873 (1908)"); *State v. Merritt*, 221 W. Va. 141, 143, 650 S.E.2d 240, 242 (2007) (appeal of an order denying a stay of sentence moot upon completion of the sentence). Based on the limited nature of this appeal, we find no basis for making an exception to the mootness doctrine and no request to do so has been made by petitioner. *See* Syl. Pt. 1, *Israel v. W. Va. Secondary Sch. Activities Comm'n*, 182 W. Va. 454, 388 S.E.2d 480 (1989) (discussing facts to be considered in deciding whether to address technically moot issues).

For the foregoing reasons, we dismiss this appeal as moot.

Dismissed.

**ISSUED:**  January 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**DISQUALIFIED:**

Justice John A. Hutchison

---

[2] At the time respondent submitted its brief, petitioner remained incarcerated on a sentence in another case.