**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0077** (Webster County No. 18-F-3)

**Michael Faulkner,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Faulkner appeals the December 22, 2020, order that (1) found he violated his probation when he tested positive for methamphetamine; (2) revoked his probation; (3) sentenced him to 120 days in jail for violating his probation; (4) returned him to probation following his incarceration; and (5) required that he complete outpatient substance abuse treatment.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner was convicted of felony obtaining money, goods, or services by false pretenses from the Federal Emergency Management Agency ("FEMA") on January 2, 2019. Petitioner was sentenced on February 25, 2019, to four years of probation, restitution of the fraudulently obtained money, and drug rehabilitation. However, on September 18, 2020, the State filed a motion to revoke petitioner's probation after he tested positive for methamphetamine. At a revocation proceeding, petitioner argued that he did not voluntarily ingest methamphetamine, and claimed he was likely drugged or someone else used his e-cigarette/vape pen to smoke methamphetamine. In its December 22, 2020, order, the circuit court found that petitioner had used methamphetamine and, thereby, violated his probation. The circuit court revoked petitioner's probation and sentenced him to 120 days in jail, after which he would be returned to probation. During his incarceration, petitioner filed a pro se petition for habeas corpus relief and a notice of appeal regarding his probation revocation.[2]

---

[1] Petitioner previously appeared by Phillip R. Amick. On April 4, 2023, the Court remanded this matter to the Circuit Court of Webster County for the limited purpose of appointment of new counsel for petitioner. On April 6, 2023, the circuit court entered an order appointing Mackenzie Holdren as petitioner's counsel. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Lara K. Bissett.

[2] The "facts" petitioner alleges are not supported by citation to the record in violation of Rule 10(c)(4) of the Rules of Appellate Procedure (requiring "appropriate and specific references to the appendix or designated record[.]") Petitioner's appendix record contains only two orders

(Continued . . .)

Petitioner now appeals claiming plain error for each of his assignments of error. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

Petitioner first argues that the circuit court erred in revoking his probation because it lacked both jurisdiction and venue over his case. However, petitioner addresses venue only with regard to his underlying conviction, and not his probation violation. Specifically, petitioner claims that he obtained FEMA benefits in Nicholas County and not in Webster County where he was tried and convicted of obtaining money, goods or services by false pretenses. Similarly, in his second assignment of error, petitioner claims that the circuit court erred in revoking his probation because the elements of "obtaining money by false pretenses" were not met at his trial on that charge. We do not further address either argument, as petitioner cannot use this appeal of his sentence for a probation violation to collaterally challenge his original conviction for obtaining money, goods, or services by false pretenses. *See State v. Snyder*, No. 11-0134, 2011 WL 8199951, at * 2 (W. Va. Nov. 15, 2011) (memorandum decision) (lower court "did not err" in declining to hear challenge to earlier conviction "in the probation revocation hearing").

In his third assignment of error, petitioner argues that the circuit court plainly erred in revoking his probation, and he claims there was no evidence establishing that he willingly used methamphetamine in violation of his probation. On appeal to this Court, "the appellant bears the burden of showing that there was error in the proceeding below resulting in the judgment of which he complains[.]" Syl. Pt. 2, in part, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973). Here, petitioner fails to rebut the circuit court's finding that he was using methamphetamine in violation of his probation. "There is . . . a rather substantial body of law in West Virginia which indicates that, on appeal, error will not be presumed when it comes to the correctness of a judgment rendered by a circuit court[.]" *Ross v. Ross*, 187 W. Va. 68, 71, 415 S.E.2d 614, 617 (1992). In other words, "the judgment of the trial court is presumed to be correct." *M.W. Kellogg Co. v. Concrete Accessories Corp.*, 157 W. Va. 763, 768, 204 S.E.2d 61, 64 (1974). Moreover, petitioner alleges facts without citation to the record in violation of West Virginia Rule of Appellate Procedure (10)(c)(7) which requires an appellate brief to "contain appropriate and specific citations to the record on appeal[.]" "[T]he Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal." W. Va. R. App. R. 10(c)(7). Petitioner also fails to include in his appendix record transcripts of the revocation hearings which is also fatal to his claim. "When the alleged errors of the trial court involve the sufficiency of the proof and the testimony upon which the judgment of the trial court is based is not made a part of the record for appellate purposes, the appellate court must presume that the judgment of the trial court is correct and warranted by the testimony." Syl. Pt. 5, *Pozzie v. Prather*, 151 W. Va. 880, 157 S.E.2d 625 (1967). Accordingly, we find no error.

---

which establish that he was convicted of obtaining money, goods, or services by false pretenses, and was sentenced on February 25, 2019, to five years of probation, restitution of the fraudulently obtained money, and drug rehabilitation.

In his fourth assignment of error, petitioner argues that the circuit court plainly erred when it revoked his probation and sentenced him to 120 days in jail for his methamphetamine use. Petitioner argues that, in light of West Virginia Code § 62-12-10(a)(2), he should have served only sixty days of incarceration. That section provides that "[i]f the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision other than the conditions of probation set forth in subdivision (1) of this subsection then, for the first violation, the judge shall impose a period of confinement up to sixty days[.]"

We need not consider petitioner's argument because the issue is moot given that petitioner has already served the 120-day probation revocation sentence. "[T]o cause a West Virginia court to exercise its authority over parties to a suit, the parties must plead and then prove that there is an actual conflict between them that is redressable under the law." *State ex rel. Perdue v. McCuskey*, 242 W. Va. 474, 478, 836 S.E.2d 441, 445 (2019). Where, on appeal, a petitioner challenges the length of his sentence but discharges it before the Court can address it, the issue is moot. *State v. Swiger*, No. 13-1074, 2014 WL 2681296, at *2 (W. Va. June 13, 2014) (memorandum decision) ("After considering the parties' arguments, we conclude that petitioner's appeal of [his] sentence is moot and should be dismissed. He only challenges his sentence, and that sentence has now been served.") (citing *State v. Merritt*, 221 W. Va. 141,143, 650 S.E.2d 240, 242 (2007) (completion of sentence mooted appeal of order denying stay of sentence). "As long recognized by this Court: 'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.'" *State ex rel. McCabe v. Seifert*, 220 W. Va. 79, 82, 640 S.E.2d 142, 145 (2006) (quoting Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60 S.E. 873 (1908).

Finally, in his fifth assignment of error, petitioner argues that the circuit court plainly erred when it revoked his probation and sentenced him to an additional 120 days of jail time after previously suspending his sentence and ordering five years of probation. Petitioner argues that, given his suspended sentence and probation, his sentence for 120 days in jail violated double jeopardy prohibitions.

We reject petitioner's argument. "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution . . . protects against multiple punishments for the same offense." Syl. Pt. 1, in part, *State v. Gill*, 187 W. Va. 136, 416 S.E.2d 253 (1992). Here, however, petitioner was not subject to multiple punishments for the same offense. "[W]hile the Double Jeopardy Clause guards against multiple punishments for the same offense, it does not bar the reopening of a prior adjudication, which is what happens when probation or parole is revoked." *Hardy v. United States*, 578 A.2d 178, 181 (D.C. 1990). Those "jurisdictions that have addressed this issue have almost uniformly concluded that double jeopardy concerns do not arise because probation revocation is not part of a criminal prosecution and constitutes only a reconsideration of the original sentence." *People v Preuss*, 920 P.2d 859, 860 (Colo. Ct. App. 1995). "A revocation of a suspended sentence does not involve multiple punishments for the same offense but rather the single punishment already imposed for the offense or offenses convicted of and the degree to which that punishment will be executed at a later time." *Green v. Commonwealth*, 779 S.E.2d 207, 212 (Va. Ct. App. 2015); *see also Commonwealth v. Hunter*, 468 A.2d 505, 507 (Pa. Super. Ct. 1983) ("The resentencing of an offender upon revocation of probation does not constitute a second punishment for the offense giving rise to the probation, but is an integral element of the original

conditional sentence of probation."). Thus, "post-revocation sanctions, such as a sentence imposed following the revocation of supervised release or probation, are not 'punishment' but rather part of the penalty for the original conviction." *Diehl v. McCash*, No. 08-CV-133-BBC, 2008 WL 3982368, at *5 (W.D. Wis. Aug. 22, 2008) (citing *Johnson v. United States*, 529 U.S. 694, 700 (2000)), aff'd, 352 F. App'x 99 (7th Cir. 2009). "Thus, there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980).

Accordingly, we find no error in the circuit court's order.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn